UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DEER CONSUMER PRODUCTS, INC.,
SECURITIES LITIGATION                                                              MDL No. 2628


ORDER DENYING TRANSFER


**Before the Panel:** Defendants Goldman Kurland and Mohidin, LLP, and Ahmed Mohidin (collectively, the Auditor Defendants) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. This litigation consists of two actions, one pending in the District of Arizona and one in the Central District of California, as listed on Schedule A. None of the other parties in these actions responded to the Auditor Defendants' motion.[1]

On the basis of the papers filed,[2] we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions do share factual questions arising from allegations that Deer Consumer Products, Inc. (Deer) and other defendants, including the Auditor Defendants, made false and/or misleading statements with respect to Deer's operations, revenue, and net income. But where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). The Auditor Defendants have not met that burden here. There are only two actions, and they are in adjacent districts and involve a common defendant. Only one action is a putative class action. Voluntary cooperation and coordination among the parties and the involved courts thus seems a preferable alternative to centralization. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

---

[1] Although they did not file a response to the motion, plaintiffs in the action pending in the Central District of California filed a waiver of oral argument in which they indicated that they "[t]ake no position" on the motion.

[2] The parties waived oral argument.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: DEER CONSUMER PRODUCTS, INC.,**
**SECURITIES LITIGATION**  MDL No. 2628

### SCHEDULE A

<u>District of Arizona</u>

BOCKER, ET AL. v. DEER CONSUMER PRODUCTS INCORPORATED, ET AL.,
  C.A. No. 2:15-00046

<u>Central District of California</u>

DE SEJOURNET, ET AL. v. GOLDMAN KURLAND AND MOHIDIN, LLP, ET AL.,
  C.A. No. 2:13-01682